IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Amy M. Stiles, | ) |
| | ) C/A No. 3:10-cv-01472-JFA |
| Plaintiff, | ) |
| | ) |
| v. | ) **Special Interrogatories** |
| | ) **on Jurisdictional Facts** |
| Wal-Mart Stores, Inc., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter was removed to this court based on the assertion of diversity jurisdiction under 28 U.S.C. §1332. Jurisdiction under this section exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. The amount in controversy requirement is tested at the time of removal. When an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand unless it appears to a legal certainty that the plaintiff *cannot* recover damages in excess of $75,000. Wright, Miller & Cooper, *Federal Practice and Procedure* §3725 (1985 and Supp. 1998). Frequently, these requirements are satisfied when actual and punitive damages are sought and the plaintiff has not affirmatively pled a cap on damages or otherwise limited the amount of damages sought prior to the time of removal. Although limitations on damages after removal do not affect jurisdiction, clarifications of the amount sought at the time of removal may result in remand. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938) (post-removal amendment does not affect jurisdiction); *Cole v. Great Atl. & Pac. Tea Co.,* 728 F. Supp. 1305, 1308 (E.D. Ky. 1990) (ambiguous demands may be

subject to post-removal clarification); Wright & Miller § 3702 (Supp. 1998).

In the present case, the amount sought is unclear. Plaintiffs are therefore directed to respond to the following inquiry clarifying the maximum extent of damages that they intended to pursue *at the time of filing the original complaint*, and if the amount does not exceed $75,000, whether plaintiffs concede that they do not intend to seek more at a later time. If the plaintiffs did not intend to pursue damages adequate to satisfy the jurisdictional threshold at the time of filing, and if they stipulate to such limitation having a binding effect, the court will remand this matter to state court.

INTERROGATORIES TO PLAINTIFF:

1. At the time this matter was initially filed in state court, was it plaintiff's intent to pursue monetary damages in excess of $75,000?

2. If the answer to interrogatory No. 1 is "no," is plaintiff willing to stipulate that the answer has a binding effect, limiting the amount of damages, exclusive of interest and costs, that they will pursue in this case?

Plaintiff's response to these interrogatories shall be filed by June 28, 2010.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

June 15, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge